UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN PATRICK PLANTIN,<br><br>      Petitioner,<br><br>v.<br><br>JOAN FABIAN, Minnesota Commissioner of Corrections and ROBERT FENEIS, Warden of Minnesota Correctional Facility in Rush City, Minnesota,<br><br>      Respondents. | Civil File No. 07-163 (PAM/AJB)<br><br>REPORT AND RECOMMENDATION |

Kevin Patrick Plantin, MN Correctional Facility, 1000 Lake Shore Drive, Moose Lake, MN, Petitioner, pro se.

Elizabeth Johnston, Assistant County Attorney, C-2000 Government Center, Minneapolis, Minnesota, 55487, for Respondents.

ARTHUR J. BOYLAN, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of state prisoner, Kevin Plantin, ("Plantin") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plantin alleges that the imposition of his sentence was a more severe sentence than the presumptive sentence prescribed for his convicted crime. In addition, Plantin alleges that the consecutive sentences imposed for multiple convictions violate his sixth amendment constitutional right. Respondent has filed a response, (Docket No. 5), contending that Plantin is not entitled to any relief in this matter.

The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that Plantin's claims

must be rejected, and recommends this action be dismissed with prejudice.

## I. BACKGROUND

On August 29, 2002, Plantin was charged by complaint with one count of Attempted Murder in the First Degree, one count of First Degree Burglree, two counts of Kidnapping, and one count of Second Degree Assault. (Respondent's Appendix, p. 1-4). The charges arose from an April 17, 2002, incident in which Plantin assaulted his former girlfriend in her home. See, State v. Plantin, 682 N.W.2d 653, 656-58 (Minn. App. 2004). Plantin duct-taped the victim's wrists and ankles and dragged her through the house to the garage, where he assaulted her and attempted to kill them both by asphyxiation. (Id.) The victim managed to escape the garage but then collapsed and was taken to the hospital. Police found Plantin lying unconscious in the garage. (Id.)

During Plantin's trial, the court held a charge conference prior to closing arguments at which the defense offered no objection to the court's proposed jury instructions and verdict forms. (Id. at p. 6-15). The jury was instructed on the elements of kidnapping, without an objection from the defense. (Id. at p.18-22) The jury was further instructed that if they found Plantin guilty of kidnapping, they were to answer two specific questions: "Was [the victim] released in a safe place?" and "Did [the victim] suffer great bodily harm during the course of the kidnapping?"(Id. at p. 20, 22, 25). The defense did not object to either of these questions.

The first trial ended in a mistrial and Plantin was retried. (Id. at p. 26-30). At the end of the second trial, the court provided both parties with copies of the jury instructions and verdict forms from the first trial and held a charge conference to discuss any changes. (Id. at p. 32 - 34). There were no objections, including any objections related to the kidnapping instructions or verdict forms. (Id.) The

jury was instructed to answer the specific questions on the verdict forms if they found Plantin guilty of kidnapping. At the end of closing arguments, the defense counsel again had no objections when asked by the court. (Id. at p. 46). The jury was instructed as to the elements of kidnapping without an objection from the defense. (Id. at p. 52-56). The jury was instructed that if they found Plantin guilty of kidnapping, they were to answer two specific questions "was [the victim] released in a safe place?" and "did [the victim] suffer great bodily harm during the course of the kidnapping?" (Id. at p. 54, 56-57). The jury found Plantin guilty of all counts on December 10, 2002. (Id. at p. 58-60). With respect to the kidnapping charges, the jury answered the special verdict questions, indicating that the victim had not been released in a safe place and had suffered great bodily harm during the course of the kidnapping. (Id. at p. 58-60, 74-75).

Shortly before Plantin was to be sentenced, the parties and the court became aware of an error in the recitation of the kidnapping statutes in the Complaint. The Complaint charged Plantin with a violation of Minnesota statute §609.25, subd. 2(1) rather than subd. 2(2). (Id. at p. 3). At the sentencing hearing on January 24, 2003, Plantin's counsel agreed that the presumptive sentence on the attempted murder charge was 180 months and the presumptive sentence on the kidnapping charge was 86 months. (Id. at p.62-63). Plantin's counsel also agreed that consecutive sentencing on both of those charges was allowed under the law. (Id.) The sentencing court imposed a sentence of 180 months of imprisonment for Count One, Attempted Murder in the First Degree followed by a consecutive 86 months imprisonment for Count Four, Kidnapping. (Id. at p. 64-65).[1]

---

[1] Count 3 of the Complaint was determined to merge with Count 4 for sentencing purposes. Counts 2 and 5 were determined to merge with Count 1 for sentencing purposes. Thus, Plantin was only sentenced on Counts 4 and 1

Plantin filed a direct appeal that was denied by the Minnesota Court of Appeals on July 13, 2004. State v. Plantin, 682 N.W.2d 653 (Minn. App. 2004). His Petition for review to the Minnesota Supreme Court was denied on September 29, 2004.(Id.) Plantin filed a Petition for Post-Conviction Relief in Hennepin County District Court on May 13, 2005, in which he alleged that the consecutive sentences constituted a departure from the Sentencing Guidelines. He also alleged that he was wrongly convicted of a crime for which he was not charged. (Respondent's Appendix, p. 68-71, 72). The Hennepin County district court denied the Petition. The Minnesota Court of Appeals affirmed the district court on May 9, 2006. Plantin's Petition for Review to the Minnesota Supreme Court was denied on July 19, 2006. Plantin v. State, 2006 WL 1229672 (Minn. App. May 9, 2006) (Respondent's Appendix, p. 76-78).

## II      STANDARD OF REVIEW

Under Section 2254(d)(1), the writ may issue only if the state court adjudication resulted in a decision that (1) was contrary to clearly established Federal law or (2) involved an unreasonable application of a clearly established Federal law. See 28 U.S.C. § 2254(d).  Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. 28 U.S.C. § 2254(d)(1). Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. See 28 U.S.C. § 2254(d)(2). This Court "presumes that the state court's factual determinations are correct," a presumption that "may be rebutted only be clear and convincing

evidence." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000).

Federal habeas relief is only available to a person in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991)("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") As a threshold matter, a Petitioner must present a federal question in his petition for relief.[2]

A federal district court is not allowed to conduct its own de novo review of a habeas petitioner's constitutional claims. Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d). A state prisoner must normally exhaust all available state judicial remedies before a federal court will entertain a petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The state courts must have the first opportunity to hear the claim and "pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993)("A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim.")

"[R]ules of sentencing adopted by state courts do not ordinarily raise constitutional issues cognizable in a habeas corpus proceeding." Niemann v. Parratt, 596 F.2d 316, 317 (8th Cir. 1979). A

---

[2]Petitioner appears to have plainly presented both issues as federal issues to the Minnesota Court of Appeals. Dye v. Hofbauer, 546 U.S. 1, 3-4 (2005) (holding that brief that identifies "due process" issue and cites to the Fifth Amendment and Fourteenth Amendment as well as federal cases concerning "federal due process rights" plainly "sets out the federal claim").

state sentencing court is to be granted substantial deference as to its discretion in sentencing convicted criminals. Solem v. Heim, 463 U.S. 277, 290 (1983). A habeas court will not invalidate a state sentence unless it is grossly disproportionate to the crime. See id. at 277; Tyler v. Gunter, 819 F.2d 869, 871 (8th Cir. 1987).

**III. DISCUSSION**

Plantin raises two issues in this Petition. First, he states that his rights to due process and a fair trial were violated when the sentencing court allowed the state to amend the complaint. Second, he asserts that his sixth amendment right to a jury trial was violated when the court sentenced him to consecutive sentences. Here, Plantin raises no question of an "unreasonable determination of the facts" under Section 2254(d)(2). With respect to Section 2254(d)(1), this Court concludes that the state court's decision was not contrary to clearly established Supreme Court precedent. Nor did it involve an unreasonable application of such federal law.

    A.    Right to a Fair Trial

First, Plantin argues that the sentencing court violated his right to a fair trial when the sentencing court allowed the state to amend the complaint to a higher level of offense at the time of sentencing.

A criminal defendant has a right to a fair trial, including notice of the charges against him and the opportunity to prepare a defense to those charges. Cokeley v. Lockhart, 951 F.2d 916, 918-19 (8th Cir. 1991). "[V]iolations of a right to a fair trial arising from lack of fair and reasonable notice are cognizable in habeas corpus proceedings." Id. "Due process requirements may be satisfied if a defendant receives actual notice of the charges against him, even if the indictment or information is deficient." Id. at 920. (*quoting* Hulstine v. Morris, 819 F.2d 861, 864 (8th Cir. 1987).

The initial complaint charged Plantin with two counts of Kidnapping pursuant to Minn. Stat. §609.25, subdivs. 1(2), 2(1) & subdivs. 1(3), 2(1). Minnesota Statute § 609.25(1) provides that any person who, "for any of the following purposes, confines or removes from one place to another, any person without the person's consent . . . is guilty of kidnapping and may be sentenced as provided in subdivision 2." Minn. Stat. § 609.25, subdiv. 1. Subdivision 2, the sentencing provision, creates two levels of penalties applicable to any person guilty of violating subdivision 1. Under subdivsion 2(1), a defendant may be sentenced to not more than 20 years imprisonment "[i]f the victim is released in a safe place [and] without great bodily harm." Minn. Stat. § 609.25, subdiv. 2(1). Under subdivision 2(2), the defendant may be sentenced to not more than 40 years imprisonment "[i]f the victim is not released in a safe place, or if the victim suffers great bodily harm during the course of the kidnapping." Minn. Stat. § 609.25, subdiv. 2(2). Plantin was sentenced pursuant to Minn. Stat. §609.25, subd. 2(2), a provision which was not noted in the Complaint.[3]

Since the jury determined that the victim suffered great bodily harm during the course of the kidnapping, the district court sentenced Plantin to 86 months imprisonment for the kidnapping charge. Plantin argues the district court's imposition of this sentence is equivalent to a constructive amendment of the Complaint at the time of sentencing. Plantin asserts this constructive amendment at sentencing was unconstitutional because it was a different offense of which he did not have notice and against which he could not defend.

In this case, the record shows that Plantin received actual notice of the charges against him,

---

[3] Under the Minnesota Rules of Criminal Procedure, the inclusion of a sentencing provision is not required for any crime charged. See Minn. R. Crim. P. 2.01, 17.02.

including the kidnapping charge. "The governing rule is that a conviction will not be invalidated unless the claimed defect or imperfection in the complaint 'is of such a nature that it misled the defendant as to the nature of the offense charged to the prejudice of his substantial rights.'" State v. Byman, 410 N.W.2d 921, 924 (Minn. App. 1987) (quoting State v. Pratt, 152 N.W.2nd 510, 513 (1967)).

The facts show that Plantin received notice that the complaint was constructively amended during his first trial. A complaint may be constructively amended during the trial so long as the amendment does not charge an additional or different offense. State v. Guerra, 562 N.W.2d 10, 12-13 (Minn. App. 1997).

First, the probable cause portion of the complaint corresponded to the more serious kidnapping offense by stating that the victim was not released in a safe place and suffered bodily harm which correspond to the more serious charges. Even during both trials, the evidence showed that the victim was taken to the hospital and lapsed into a coma, which shows great bodily harm.

Second, the court held a charge conference during the first trial to discuss the jury instructions and verdict forms. The defense did not object to the court's proposed instructions or verdict forms relating to the kidnapping charges. The jury instructions included a definition of "great bodily harm" and specifically required the jury to determine whether the victim had suffered great bodily harm during the kidnapping. Plantin's second trial counsel was provided a transcript of the first trial, including the jury instructions and verdict forms. At Plantin's second trial, these same instructions and verdict forms were used with respect to the kidnapping charges, again without an objection from the defense.

Third, at sentencing Plantin's counsel agreed that Plantin should be sentenced for kidnapping without release in a safe place. Lastly, Plantin was being retried after a mistrial and at the earlier trial,

the court had also submitted the more serious degree of kidnapping to the jury. Thus, the constructive amendment took place before the retrial, which allowed plenty of time for Plantin to be on notice of the amended charges. This record establishes that by the time of his second trial, Plantin and his counsel had received notice that Plantin was charged pursuant to subdivision 2(2) and had an opportunity to prepare a defense to that charge.

Therefore, Plantin had notice of the charges brought against him and he was not unfairly prejudiced by the constructive amendment to the kidnapping charge. Thus, Plantin's right to a fair trial was not violated.

      B.      The Imposition of an 86-month Sentence

Plantin asserts that the district court violated the Sixth Amendment as expressed in Blakely by improperly departing from the presumptive 21-month stayed sentence and imposing 86 months imprisonment for his kidnapping conviction. Blakely v. Washington, 542 U.S. 296 (2004). In Blakely, the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires that a defendant has a right to have any fact that serves as the basis for increasing the penalty for a crime beyond the statutory guidelines ranges to be found by a jury and proved beyond a reasonable doubt. Blakely v. Washington, 542 U.S. 296, 303 (2004). The Minnesota Sentencing Guidelines are subject to the Blakely analysis under State v. Conger. 687 N.W.2d 639, 644 (Minn. App. 2004).

However, the sentence imposed by the district court was the presumptive sentence for the crime of which Plantin was convicted, as explicitly determined by the jury and as dictated by the Minnesota Sentencing Guidelines. Under the Minnesota Sentencing Guidelines, a kidnapping in which

9

the victim is released to a safe place without suffering great bodily harm, as described in Minn. Stat § 609.25, subdivision 2(1), is a level VI offense. Minn. Sent. Guidelines V. In contrast, a kidnapping in which the victim suffers great bodily harm, as provided in section 609.25, subd. 2(2) is a level IX offense. Id. With a criminal history score of zero, a conviction of a level VI offense results in a presumptive stayed sentence of 21 months, while conviction of a level IX offense results in a presumptive executed sentence of 86 months imprisonment. Minn. Sent. Guidelines IV.

Thus, the district court's sentence was not a departure and Blakely is not applicable. Moreover, Minnesota courts have held that the rules of sentencing adopted by the state courts do not ordinarily raise constitutional issues cognizable in a habeas corpus proceeding. Niemann, 596 F.2d at 317.

C. The Imposition of Consecutive Sentences

Plantin also contends that his sentence violates the principles of Blakely because his 86-month sentence for kidnapping was sentenced consecutively to his 180-month sentence for attempted murder. As previously stated, in Blakely, the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires that a defendant has a right to have any fact that serves as the basis for increasing the penalty for a crime beyond the statutory guidelines ranges to be found by a jury and proved beyond a reasonable doubt. Blakely, 542 U.S. at 303.

Plantin argues that the consecutive sentences were based on judicial findings and therefore violated his constitutional right to a trial under Blakely. Plantin states that these consecutive sentences were a departure from the Minnesota Sentencing Guidelines and that the district court's imposition of consecutive sentences is the equivalent of a sentencing departure which is a violation of his Sixth Amendment right.

10

When an offender is facing more than one sentence, the Minnesota Sentencing Guidelines presume that the sentences will be served concurrently. Minn. Sent. Guidelines II.F. However, the Sentencing Guidelines permit consecutive sentences to be imposed in cases involving multiple current felony convictions for certain crimes. Id.

> Generally, when an offender is convicted of multiple current offenses, or when there is a prior felony sentence which has not expired or been discharged, concurrent sentencing is presumptive. In certain situations consecutive sentences are presumptive; there are other situations in which consecutive sentences are permissive. These situations are outlined below. The use of consecutive sentences in any other case constitutes a departure from the guidelines and requires written reasons pursuant to Minn. Stat. § 244.10, subd. 2 and section II.D of these guidelines.
>
> 2. Multiple current felony convictions for crimes on the list of offenses eligible for permissive consecutive sentences found in Section VI may be sentenced consecutively to each other; or . . .
>
> Minn. Sent. Guidelines II.F.

In these limited circumstances, imposition of consecutive sentences does not constitute a departure. Id. Kidnapping is included in the list of offenses eligible for permissive consecutive sentences. Minn. Sent. Guidelines VI. The Minnesota Sentencing Guidelines specifically permits consecutive sentencing "when the offenses involve a single victim involving a single course of conduct." Minn. Sent. Guidelines II.F.2 & Cmt. II.F.4.

In addition, Minnesota Statute § 609.251 specifically provides that conviction of the crime of kidnapping is not a bar to conviction for any other crime committed during the time of the kidnapping. In State v. Swanson, the court expressly permitted consecutive sentences to be imposed for multiple offenses against the same victim in a single incident where one of the offenses is kidnapping. 498 N.W.2d 435, 440 (Minn. 1993).

Furthermore, Blakely does not apply in this situation. The Minnesota Court of Appeals determined that Blakely does not apply to instances of permissive consecutive sentencing. State v. Senske, 692 N.W.2d 743, 748 (Minn. App., 2005). The court has held that Blakely does not invalidate judicial findings on consecutive sentencing under the guidelines. Id. at 748-49.

The sentence imposed by the district court was the presumptive sentence for the crime of which the Plantin was convicted by a jury. Therefore, the district court's sentence was not a departure and Blakely is not applicable in this matter.[4]

**IV. CONCLUSION**

On review of the merits, this Court concludes that the Minnesota courts did not misapply any federal law in convicting Plantin or affirming that conviction. The Court finds that Plantin is unable to establish that his violated his constitutional rights. The Court therefore recommends that Plantin's habeas corpus petition be denied, and that this action be dismissed with prejudice.

**IV.  RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

---

[4]Even if the Court decided to treat the sentencing provision as falling within the realm of Blakely, the facts that the victim was not released in a safe place and that she suffered great bodily harm were facts found by the jury that convicted Plantin. Since the jury found those facts, the sentencing judge would not have engaged in impermissible judicial fact-finding and Plantin would still not be entitled to relief under Blakely.

1.  Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be DENIED; and

2.  This action be DISMISSED WITH PREJUDICE.

Dated: January 29, 2008.

                                            _s/ Arthur J. Boylan_____
                                            Arthur J. Boylan
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 12, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.